# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTRAM COLIN JOHNSON, Register #A038713419,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA; FREDRICK LAWRENCE; JOHN WEAVER; BEVERLY SORIA; K. PERRY; MARIA ORRELL; KEVIN FAY,<br><br>Defendants. | Civil No.   14cv0041 LAB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 2)**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Bertram Colin Johnson ("Plaintiff"), an immigration detainee at the Etowah County Jail in Gadsden, Alabama, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

Plaintiff alleges to have been "warehoused" at the Otay Detention Facility in San Diego, California, from October 2012 through August 2013, where he claims the Corrections Corporation of America ("CCA"), and CCA officials Lawrence, Weaver, Soria, Perry, Orrell, and Fay impeded his access to the court, denied him free exercise

of his religion, and deprived him of "medically approved pain relief accoutrements." *See* Compl. at 1-7. He seeks general and punitive damages. *Id.* at 7.

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). "[A]n alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was "release[d] from Los Angeles Superior Court into immigration custody," he is not a "prisoner" as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him. *See* Compl. at 3.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that he is unable to pay the $400 filing fee or post securities required

///

---

[1] All parties filing civil actions on or after May 1, 2013, must pay the $350 civil filing fee, as well as an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1  to maintain a civil action. Therefore, Plaintiff's Motion to Proceed IFP pursuant to 28
2  U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED .

**II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

   A.    Standard of Review

Any complaint filed by any person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are frivolous, malicious, or fail to state a claim upon which relief may be granted, or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

/ / /

1  the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
2  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

3  However, while the court "ha[s] an obligation where the petitioner is pro se,
4  particularly in civil rights cases, to construe the pleadings liberally and to afford the
5  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
6  2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in
7  so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board*
8  *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

9  B.  Plaintiff's Allegations

10  Plaintiff's Complaint contains three purported causes of action. First, he claims
11  CCA Warden Lawrence, Associate Warden Weaver, Housing Unit Manager Perry, and
12  law library staff members Orrell and Fay deprived him of "meaningful access to the
13  courts" by providing him "inadequa[te] . . . legal resources," unspecified documents,
14  "government forms," "legal outlines," and denying him access to the internet. *See*
15  Compl. at 2-5, 6-7. Second, Plaintiff claims Defendant Weaver "violated [his] First
16  Amendment rights" by "refus[ing] to authorize [Plaintiff's] participation in the religious
17  fasting of Ramadan." *Id.* at 1, 4. Finally, Plaintiff alleges Defendant Perry "failed to
18  comply with [his] . . . medical[ly] recommended approved pain relief accoutrements."
19  *Id.* at 5, 7.

20  Plaintiff seeks damages, and invokes federal jurisdiction over his case pursuant
21  to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). *See* Compl. at 1. However, because his
22  claims arose at the Otay Detention Facility, which operates under contract with the
23  Department of Homeland Security's Immigrations and Customs Enforcement division
24  ("ICE"), and is managed by CCA, a private corporation, to house ICE and U.S. Marshal
25  Service detainees, the Court liberally construes Plaintiff's claims to arise under *Bivens*
26  *v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
27  *Bivens* established that "compensable injury to a constitutionally protected interest
28  [by federal officials alleged to have acted under color of federal law] could be vindicated

by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978); *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (under *Bivens*, "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights.").

To state a claim under *Bivens*, Plaintiff must allege that a person acting under color of federal law deprived him of his constitutional rights. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Thus, the Ninth Circuit considers "[a]ctions under § 1983 and those under *Bivens* [as] identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006) (a suit brought pursuant to *Bivens* is the "federal analogue" to § 1983).

C.  CCA

As a preliminary matter, the Court notes Plaintiff has included the "Corrections Corporation of America" as a Defendant in the caption of his Complaint (ECF Doc. No. 1 at 1), but has included no separate allegations of wrongdoing on the part of CCA itself within its body. *See* FED.R.CIV.P. 10(a) (requiring caption of complaint to "name all the parties"); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting that a defendant is not presumed a party to the action if he is not served or named in the caption, unless he is specifically and sufficiently identified later in the body of the complaint).

While it is unclear whether Plaintiff intends to bring suit against the CCA, it *is* clear that a *Bivens* action may only be brought against the responsible official alleged to have acted under color of federal law in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Nor does it authorize a suit for money damages against a private entity like the CCA. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 66 n.2 (2001) (holding

that *Meyer* "forecloses the extension of *Bivens* to private entities."). Accordingly, to the extent Plaintiff intends to bring a claim against the CCA, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Lopez*, 203 F.3d at 1127.

### D. Respondeat Superior

Second, the Court finds that to the extent Plaintiff seeks to hold Warden Lawrence and Assistant Warden Weaver liable, in part, based on their "supervision" over "daily operations" at CCA, and their alleged "failure[s] to rectify" or to provide Plaintiff with an "adequate" or satisfactory "resolution" to his law library access complaints via CCA's internal grievance process, *see* Compl. at 2-3, 4, his Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). Thus, Plaintiff must include in his pleading sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to include any factual content to suggest that either Lawrence or Weaver personally participated in any unconstitutional violation, other than to merely "fail" to correct what Plaintiff believes were violations by their subordinates via CCA's internal grievance procedure. Therefore, he has failed to state a claim upon which relief can be granted as to either of these Defendants. *See* 28 U.S.C. § 1915(e)(2).

### E. Grievance Processing

Plaintiff's only allegation against CCA's Quality Assurance Administrator, Beverly Soria, is that she "imped[ed]" Plaintiff's right to access to the court by "fail[ing] to process [his] legitimate grievances." *See* Compl. at 5. To the extent Plaintiff suggests this failure deprived him of "due process," he also fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff enjoys no protected liberty interest in the processing his administrative grievances, however; therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

Instead, to state a claim against Defendant Soria, Plaintiff must allege facts sufficient to show some other personal involvement in the underlying violation of his rights, namely, his right to access to the court. *Iqbal*, 556 U.S. at 676-77; *Taylor*, 880 F.2d at 1045. Liability may not be based merely on Plaintiff's dissatisfaction with the manner in which Soria processed–or allegedly failed to process–his administrative grievances related to the sufficiency of CCA's law library or his access to specific legal research materials. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

### F. First Amendment Claims

Plaintiff claims Assistant Warden Weaver violated his First Amendment rights by "refus[ing] to authorize [his] participation in the religious fasting of Ramadan." *See* Compl. at 4. Plaintiff provides no further detail.

The protections of the First Amendment's Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d

330, 333 (9th Cir. 1994)). Free exercise however, is necessarily limited by the fact of incarceration, and "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342, 347-48 (1987)); *see also Bell v. Wolfish*, 441 U.S. 520, 527 (1979) ("A detainee simply does not possess the full range of freedoms of an unincarcerated individual.").

As currently pleaded, Plaintiff's Complaint contains no facts which show how or what Defendant Weaver did to burden or limit the exercise of any sincerely held religious belief. *See Shakur*, 514 F.3d at 884-85. Plaintiff mentions "Ramadan" and "fasting," but his Complaint contains no additional factual content to plausibly suggest how or to what extent restrictions placed on him by Defendant Weaver "put substantial pressure on [him] to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981), or forced him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other." *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). Finally, Plaintiff's Complaint does not contain any allegations to show that Weaver acted without justification or unreasonably. *See Shakur*, 514 F.3d at 884-85 (citing *Turner v. Safely*, 482 U.S. 78, 89 (1987)).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Weaver may be held liable, Plaintiff's First Amendment free exercise claims must be dismissed for failing to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

G.   Medical Care Claims

To the extent Plaintiff claims Defendant Perry denied him unidentified "medically approved pain relief accoutrements," and "fail[ed] to adhere to [a] medical recommendation," which caused Plaintiff to suffer "cruel and unusual punishment," *see* Compl. at 5, 7, his Complaint also fails to state a claim upon which *Bivens* relief can be granted. *Iqbal*, 556 U.S. at 568.

In *Minneci v. Pollard*, 132 S.Ct. 617 (2012), the Supreme Court held a *Bivens* action may not be maintained:

> where a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Id.* at 626.

Thus, because Plaintiff's inadequate medical care claims arose in a privately operated immigration detention facility in California, where the state's tort laws "provide[] for ordinary negligence actions, for actions based upon 'want of ordinary care or skill,' for actions for 'negligent failure to diagnose or treat,' and for actions based upon the failure of one with a custodial duty to care for another to protect that other from "'unreasonable risk of physical harm,'" *id.* at 624 (citations omitted), no cause of action under *Bivens* exists and he "must seek a remedy under state tort law" instead. *Id.* at 626; *see also Mirmehdi v. United States*, 689 F.3d 975, 983 (9th Cir. 2012) (holding that *Bivens* does not provide a remedy for aliens not lawfully in United States to sue federal agents for monetary damages for wrongful detention pending deportation).

H. <u>Access to Courts Claims</u>

The true gravamen of Plaintiff's Complaint seeks to challenge CCA's "deficient law library" and Defendant Orrell and Fay's "failure to provide requested legal materials" which Plaintiff claims to have "needed to support a writ of coram nobis & response to opposition of Ninth Circuit Court of Appeals," and/or a "writ of mandate." *See* Compl. at 5-7.

Prisoners "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison

1 | authorities to assist inmates in the preparation and filing of meaningful legal papers by
2 | providing prisoners with adequate law libraries or adequate assistance from persons who
3 | are trained in the law." *Id.* at 828.  To establish a violation of the right to access to the
4 | courts, however, a prisoner must allege facts sufficient to show that:  (1) a non-frivolous
5 | legal attack on his conviction, sentence, or conditions of confinement has been frustrated
6 | or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S.
7 | 343, 353-55 (1996).  An "actual injury" is defined as "actual prejudice with respect to
8 | contemplated or existing litigation, such as the inability to meet a filing deadline or to
9 | present a claim."  *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir.
10 | 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d
11 | 1083, 1093 (9th Cir. 1996).

12 |      Here, Plaintiff fails to allege that either Defendant Orrell's or Fay's "failure[s] to
13 | provide [him] with requested legal materials," Compl. at 6, precluded his pursuit of a
14 | non-frivolous direct or collateral attack upon either his criminal conviction or sentence
15 | or the conditions of his current confinement.  *See Lewis*, 518 U.S. at 355 (right to access
16 | to the courts protects only an inmate's need and ability to "attack [his] sentence[],
17 | directly or collaterally, and . . . to challenge the conditions of [his] confinement.").  In
18 | addition, Plaintiff must also, but has failed to, describe the non-frivolous nature of the
19 | "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536
20 | U.S. 403, 415 (2002).

21 |      In short, because Plaintiff has failed to allege that "a complaint he prepared was
22 | dismissed," or that he was "so stymied" by Orrell and Fay's actions that "he was unable
23 | to even file a complaint," direct appeal, or petition for writ of habeas corpus that was not
24 | "frivolous," his access to courts claims fail.  *Lewis*, 518 U.S. at 351; *Christopher*, 536
25 | U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must]
26 | be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable'
27 | nature of the underlying claim is more than hope.").
28 | / / /

Finally, Plaintiff's complaints related to the general deficiencies of CCA's law library fare no better. Law libraries and legal assistance programs are only the means of ensuring access to the courts. *Lewis*, 518 U.S. at 351. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*; *Blaisdell v. Frappiea*, 729 F.3d 1237, 1244 (9th Cir. 2013).

### III. CONCLUSION AND ORDER

Good cause appearing, therefor, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED.

2. Plaintiff's Complaint (ECF Doc. No. 1) is DISMISSED without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff is GRANTED forty five (45) days leave from the date this Order is filed in which to re-open the case by filing a Amended Complaint. Plaintiff's Amended Complaint address the deficiencies of pleading noted in this Order and must also be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

Should Plaintiff *fail* to file a Amended Complaint within the time provided, this civil action shall remain closed and case shall remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED: June 23, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge